IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SY DALTON SINGLETARY,            )
                                 )
                    Petitioner,  )
                                 )
        v.                       )    1:26CV107
                                 )
STATE OF NORTH CAROLINA,         )
                                 )
                    Respondent.  )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody in the United States District Court for the Eastern District of North Carolina. That court then transferred the matter to this Court for further proceedings because Petitioner challenges a conviction that occurred in Randolph County, North Carolina, which is located in this District. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner with sufficient information for the Court to proceed. Petitioner submitted an *in forma pauperis* application, but did not use the proper form approved by this Court. The Clerk will provide him with the correct form.

2. Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The information requested by such forms and necessary to process the Petition is also not contained in Petitioner's submission. The Clerk will also provide Petitioner with these forms.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with

the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 3rd day of February, 2026.

/s/ Joe L. Webster  
United States Magistrate Judge